**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GRAHAM HARRY SCHIFF, | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action No. PX-20-830 |
| | * | |
| OFFICER DAVID McBAIN, *et al.* | * | |
| Defendants | * | |

*******

| | | |
|---|---|---|
| GRAHAM HARRY SCHIFF, | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action No. PX-20-844 |
| | * | |
| MONTGOMERY COUNTY CIRCUIT | * | |
| COURT, *et al,* | * | |
| Defendants | | |

*******

| | | |
|---|---|---|
| GRAHAM HARRY SCHIFF, | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action No. PX-20-902 |
| | * | |
| DAVID BOOTH, *et al.,* | * | |
| Defendants | * | |

*******

| | | |
|---|---|---|
| GRAHAM HARRY SCHIFF, | * | |
| Plaintiff | * | |
| | * | |
| v | * | |
| | * | Civil Action No. PX-20-953 |
| BRIAN S. KLEINBORD, *et al.* | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

Pro se plaintiff Harry Graham Schiff is an inmate confined at the Montgomery County Correctional Facility. Under review are four related Complaints arising from his state convictions

for stalking and harassment.[1]  Schiff has also moved for leave to proceed in forma pauperis in each case, which will be granted for the purpose of preliminary review.  Because the Complaints concern related matters, they are addressed together.

## I.   Standard of Review

The in forma pauperis statute permits an indigent litigant to commence an action without prepaying the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  The statute requires dismissal of the complaint, however, if it fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although this Court liberally construes a pro se complaint, the United States Supreme Court has made clear that legal conclusions couched as factual assertions will not suffice.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must aver facts which, if accepted as true, plausibly states a cause of action. *Iqbal*, 556 U.S. at 678-79.  Liberal construction of a pro se pleading, in short, does not permit the court to ignore a clear failure in the pleadings to set forth a legally cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966 (D. Md. Dec. 11, 2013) ("Although a pro se plaintiff is general[ly] given more leeway than a party represented by counsel ... a district court is not obligated to ferret through a [c]omplaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.").

With these standards in mind, the Court turns to each of the four complaints filed.

---

[1]   Schiff has filed five related civil actions in this Court in just over six months.  The Court had previously dismissed Schiff's first-filed Complaint on October 2, 2019.  *See Schiff v. Getty*, Civil No. PX-19-2752.

**II.    Analysis**

The Complaints stem from Schiff's convictions for stalking and harassment. Schiff was originally tried and convicted on such charges in Montgomery County Circuit Court. *See State v. Schiff*, Case No. 131537C (Montgomery Cty).[2] On April 25, 2017, Schiff was sentenced to a term of incarceration followed by supervised probation. On March 6, 2018, the Circuit Court found that Schiff violated his probation and sentenced him to an additional incarceration term and two years' supervised probation to follow.

Thereafter, Schiff was once again charged with stalking, harassment and failure to comply with a peace order. *See State v Schiff*, Case No. 136380C (Montgomery Cty). On March 11, 2020, Schiff was tried before a Circuit Court judge who granted Schiff's motion for judgment of acquittal as to the peace order offense but convicted him of stalking and harassment. Schiff's sentencing on this case is scheduled for May 15, 2020.

In case **No. Civ. PX-20-830**, the Complaint names as defendants Officer David McBain, the Montgomery County State's Attorney's Office, and Montgomery County Executive Marc Elrich.[3] The Complaint avers that McBain's arrest of Schiff on the second stalking and harassment offense lacked probable cause as reflected in the Circuit Court having granted Schiff's motion for judgment of acquittal. The Complaint further asserts that the arrest violated Schiff's First and Fifth Amendment rights and caused him emotional distress. He seeks $2 million in damages.

With respect to the institutional defendants, the claim fails as a matter of law. Suits brought pursuant to 42 U.S.C. § 1983, requires that the alleged constitutional deprivation was committed

---

[2]    *See State v. Schiff*, Case No. 131536C (Montgomery Cty); http://casesearch.courts.state.md.us/casesearch (viewed April 8, 2020).

[3]    Although Montgomery County Executive Marc Elrich is named as a defendant in all four Complaints, Schiff makes no specific claims against him or suggests a basis for municipal liability against the county. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

3

by a person "acting under color of state law." *See Allen v. Columbia Mall, Inc.*, 47 F.Supp. 2d 605, 609 (D. Md. 1999) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Claims based on a theory of respondeat superior cannot proceed. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Rather, a § 1983 claim survives only if the complaint plausibly avers that (1) the supervisor had actual or constructive knowledge that a subordinate's conduct posed a pervasive and unreasonable risk of constitutional injury to the plaintiff; (2) that the supervisor's response reflected his deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) the supervisor's inaction caused plaintiff's constitutional injury. *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994).

The Complaint avers no facts by which the Court could infer any personal participation or even knowledge on the part of Montgomery County Executive, Marc Elrich, regarding the alleged violations. Accordingly, the Complaint is dismissed as to him. The Montgomery County State's Attorney's Office likewise must be dismissed because it is not a "person" subject to suit under § 1983. *Hamelett v. Baltimore City Circuit Court*, Civil Action No. CCB-13-1203, 2013 WL 2300951 (D. Md. May 22, 2013) (stating the Office of the State's Attorney is not a "person" amenable suit under §1983) (citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)).

As for Officer McBain, to survive challenge, the Complaint must aver facts which make plausible that McBain deprived Schiff of his liberty without consent and legal justification. *See Peacock v. Mayor and City Council of Baltimore*, 199 F. Supp. 2d 306, 310 (D. Md. 2002) (quoting

*Green v. Brooks,* 125 Md.App. 349, 725 A.2d 596, 605 (1999) (citations and quotations omitted). Where an arrest occurs pursuant to a facially valid warrant, the arrest is lawful even if, in the end, the warrant was ultimately found to be flawed. *Id.*

The Complaint, construed most favorably to Schiff, merely complains of his arrest based on his eventual acquittal of the peace order charge. But this averment says nothing about the lawfulness of the arrest at the time it occurred. Nor does the Complaint link the eventual acquittal to any wrongdoing on McBain's part. Accordingly, Schiff fails to put forward sufficient facts to proceed as to McBain on the false arrest claim.

More fundamentally, Schiff cannot overcome the bar to suit as announced in *Heck v. Humphrey*, 512 U.S. 477, (1994). There, the United States Supreme Court held that when a successful civil rights action necessarily implies the invalidity of a plaintiff's conviction or sentence, the civil claim must be dismissed unless the plaintiff demonstrates "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). One purpose of this requirement is to avoid parallel litigation over issues of probable cause and guilt. *Heck*, 512 U.S. at 484,

Although Schiff was acquitted of the peace order violation, he was convicted of the stalking and harassment offenses, all arising from the same incident for which McBain had arrested Schiff. A successful outcome in this case necessarily requires a finding that McBain arrested Schiff without any probable cause on any of the arrestable offenses. This finding would implicate the

validity not only of the peace order violation, but of the two offenses for which Schiff was ultimately convicted. Because Schiff's convictions are not final, he may not bring suit in this Court. *See Mills v. Hassan*, Civ. No. GLR-18-562, 2019 WL 4750338 at *7 (D. Md. Sept. 30, 2019) (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th. Cir. 1995)). This matter is dismissed without prejudice as to McBain.

In case **No. Civ. PX-20-844**, Schiff names as defendants the Montgomery County Circuit Court, State's Attorney's Office, Police Department, and Executive Marc Elrich. The Complaint challenges the propriety of evidence obtained during his January 31, 2017 arrest and avers that such evidence should have been excluded in his first trial for harassment and stalking. ECF No. 1 at 3. For the reasons previously articulated, neither the Montgomery County Circuit Court nor the Montgomery County Police Department[4] are "persons" amenable to suit under § 1983. *See Olivia v. Boyer*, 163 F.3d 599 (4th Cir. 1998) (holding that a defendant court system is not a person for purposes of 42 U.S.C. § 1983); *see also Fields v. Montgomery County,* DKC-13-3477, 2014 WL 4231164 (D. Md. August 26, 2014) (collecting cases). The Montgomery County State's Attorney's Office and County Executive Marc Elrich will also be dismissed for the reasons earlier discussed herein.

Alternatively, the claims are time barred. Although § 1983 does not include a limitations period, courts borrow the statute of limitations from the most analogous state law cause of action. In this case, the claims must be brought within three years from the date of alleged wrongdoing. *See* 42 U.S.C. § 1988(a); *Owens v. Balt. City State's Atty's Office*, 767 F.3d 379, 388 (4th Cir.

---

[4] To the extent Schiff seeks to sue an individual judge, he or she enjoys absolute immunity for any acts or omissions in their capacities as judges. *See Forrester v. White,* 484 U.S. 219, 226-27 (1988). Immunity extends "even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).

2014); *Owens v. Okure,* 488 U.S. 235, 249–50 (1989); *see also* Md. Code Ann., Cts. & Jud. Proc. § 5–101. Schiff complains of evidence unconstitutionally obtained on January 31, 2017 but waited until April 2020 to file suit. Thus, this purported constitutional violation giving rise to the § 1983 claim must be dismissed as time barred.

The third Complaint, filed in **Civ. No. PX 20-902**, names as defendants Assistant Public Defender David Booth, Assistant State's Attorney Katherine Getty, and County Executive Marc Elrich. Elrich is dismissed from this suit for the same reasons previously discussed. This Complaint concerns Schiff's probation violation hearing that took place on March 6, 2018. ECF No. 1 at 3. The Complaint more particularly avers that Booth conspired with Getty (to whom Schiff had been accused of sending hostile correspondence) to file an untimely motion to reconsider Schiff's sentence so as to guarantee Schiff would not be released early. ECF No. 1 at 3. The Complaint contends that Booth was acting as an agent of the State of Maryland when he conspired with Getty, and as a result, Schiff was denied effective assistance of counsel.

Although Getty enjoys absolute immunity for any conduct closely associated with the judicial phase of the criminal process, *see Burns v. Reed*, 500 U.S. 478, 479 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), conspiring with a defense attorney to keep a prisoner confined unlawfully does not trigger such immunity. As for Booth's representation of Schiff, he cannot be said to act under color of state law in his role as a public defender. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980); *Polk Cty. v. Dodson*, 454 U.S. 312, 453–54 (1981). That said, to the extent the claim rests on an alleged conspiracy, it must still aver *some facts* to support that defendants conspired against Schiff. *Tower v. Glover,* 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (holding that plaintiff must make more than naked assertion of conspiracy). Bald invocation of

the term "conspiracy" based solely on an untimely motion to reconsider alone does not render the claim plausible. Accordingly, the claims against Getty and Booth are dismissed.

The fourth Complaint filed this week, **Civ No PX-20-953**, names Assistant State's Attorney Brian Kleinbord and Marc Elrich as defendants. Elrich will be dismissed for reasons already discussed. This Complaint avers that Kleinbord violated Schiff's First, Fifth, and Sixth Amendment rights by directing that Schiff correspond only with Kleinbord and not with Assistant State's Attorneys Katherine Getty, Sheila Pagheri or Kyle O'Grady. The Complaint more particularly asserts that Kleinbord's directive hampered Schiff's ability to represent himself and obtain "services from the SAO [State's Attorney's Office] since he cannot freely contact them." For this alleged transgression, Schiff seeks $2 million in damages.

Kleinbord's directive falls within the ambit of conduct closely associated with the judicial phase of the criminal process, and so Kleinbord is immune from suit. As to the merits of the claim, no facts support that Schiff sustained any legally cognizable injury, and certainly not one of constitutional dimension. The Complaint is dismissed.

### III.   Limitation on In Forma Pauperis Complaints in the Future

Schiff's four Complaints, filed in short succession, implicate § 1915(g) of the Prison Litigation Reform Act. Commonly called the "three strikes" provision, § 1915(g) bars a prisoner from filing suit absent prepayment of the appropriate filing fee when, on three or more prior occasions, he has filed suit in federal court which were dismissed as frivolous, malicious, or insufficient as a matter of law. Thereafter, a prisoner must pay the filing fee unless the suit involves imminent danger to the prisoner of serious physical injury. *See* 28 U.S.C. § 1915(g).

Of the four recent complaints, three are dismissed entirely and a fourth is dismissed with prejudice except for a single claim dismissed without prejudice.[5] The Complaints, taken together, are redundant, repetitive, and persistent in asserting legally insufficient causes of action. Assigning "strikes" to these cases pursuant to 28 U.S.C. § 1915(g) is appropriate. Accordingly, Schiff will be assigned a first "strike" for Civ No. PX-20-902, a second "strike" for Civ. No. PX-20-953, and a third strike for Civ. No. PX-20-953. Going forward, Schiff is barred from filing new civil actions unless he prepays the full filing fee or demonstrates that he is in imminent danger of serious physical injury.

## IV. Conclusion

For these reasons, this Court dismisses civil cases numbered PX-20-830, PX-20-844, PX-20-902, and PX-20-953 pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii). Schiff will be assigned his first, second, and third "strikes" pursuant to 28 U.S.C. § 1915(g) for the latter three cases.

A separate Order follows.

         4/17/20                                   /S/
Date                                    Paula Xinis
                                        United States District Judge

---

[5] The "three strikes" provision of the Prison Litigation Reform Act (PLRA) requires that a prisoner's entire "action or appeal" be dismissed on enumerated grounds in order to count as a strike. *Tolbert v. Stevenson*, 635 F.3d 646, 652 (4th Cir. 2011).